Name and Prisoner/Booking Number: **Mr. Vencil Green - C#61557**
Place of Confinement: **Mule Creek State Prison**
Mailing Address: **P.O. Box-409020**
City, State, Zip Code: **Ione, Ca. 95640**

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED
Mar 9, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

**Mr. Vencil Chester Green**,
(Full Name of Plaintiff) Plaintiff,

v.

(1) **D. Pasioles**,
(Full Name of Defendant)
(2) **J. Quiring**,
(3) **P. Covello**,
(4) **E. Hobbs**,
Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:20-cv-0534 EFB (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983.
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: **Mule Creek State Prison**

B. DEFENDANTS — Please See Attached → 2A

1. Name of first Defendant: __D. Pasioles__. The first Defendant is employed as:
   __Correctional Lieutenant__ at __Mule Creek State Prison__
   (Position and Title)                                    (Institution)

2. Name of second Defendant: __J. Quiring__. The second Defendant is employed as:
   __Correctional Lieutenant__ at __Mule Creek State Prison__
   (Position and Title)                                    (Institution)

3. Name of third Defendant: __P. Covello__. The third Defendant is employed as:
   __Warden__ at __Mule Creek State Prison__
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: __E. Hobbs__. The fourth Defendant is employed as:
   __Correctional Captain__ at __Mule Creek State Prison__
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Green__ v. __David__
      2. Court and case number: __U.S. D.C. E.D. Cal. 1:09-CV-1747 AWI-GBC__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)
         __Dismissed on Summary Judgement Motion__

   b. Second prior lawsuit:
      1. Parties: __Green__ v. __Matthew Cate__
      2. Court and case number: __U.S. D.C. S.D. Cal. Case no. unknown__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)
         __Settled for $7,500 at Settlement Conference__

   c. Third prior lawsuit:
      1. Parties: __Green__ v. __Ferguson__
      2. Court and case number: __U.S. D.C. E.D. Cal. 1:10CV01768__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)
         __Dismissed on Summary Judgement Motion__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2    Please See Attached 2 B →

B. Defendant's ---

1. D. Pasioles - The First Defendant is employed as Correctional staff complaint Lieutenant in the inmate appeals office at Mule Creek State Prison. He is sued in his own individual, and official capacity at all times mentioned in this civil complaint.

2. J. Quiring - The Second Defendant is employed as correctional Lieutenant Senior hearing officer at Facility-A, in Mule Creek State Prison. He is sued in his own individual, and official capacity at all times mentioned in this civil complaint.

3. P. Covello - The Third Defendant is employed as The Warden at Mule Creek State Prison. He is sued in his own individual, and official capacity at all times in this civil complaint.

4. E. Hobbs - The Fourth Defendant is employed as correctional captain in Facility-A, at Mule Creek Prison. He is sued in his own individual, and official capacity at all times mentioned in this civil complaint.

Let the record vociferously reflect that each individual Defendant in this civil action is sued in his own individual, and official capacity at all times mentioned in this civil complaint, understand me period.

(2A)

C. Previous Lawsuits...

Fourth Prior Lawsuit:
Green v. Lizaraga, U.S.D.C. E.D.cal. 2:18cv-0614-KJM
Pending at 9th Circuit Court of Appeals.

Fifth Prior Lawsuit:
Green v. Chamberlain, U.S.D.C. E.D.cal.
2:19-cv-00109-WBS-DMC
Pending.

Sixth Prior Lawsuit:
Green v. Link, U.S.D.C. E.D.cal.
2:19-cv-1324-JAM-KJN-P
Pending.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: First Amendment United States Constitution, retaliation for protected conduct to file grievance.

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On June 24th 2019, in Mule Creek State Prison Facility-A-dinning hall on 3rd watch Correctional officer J. Link a Defendant in previous lawsuit Green V. Link U.S.D.C. E.D.Cal. case no. 2:19-cv-1324-JaM, disrespected and verbally abused plaintiff in profane act of staff misconduct violating the Calif. Code of Regulations title-15-3004 (A)(B) and 3391(A). Which was not a civil rights violation. Subsequently on June 24th 2019 plaintiff lodged staff complaint grievance-log#MCSP-A-1902347-regarding Correctional officer J. Links Malfeasance. On June 28th 2019 said grievance was assigned to staff complaint Lieutenant D. Pasioles. On July 3rd 2019 D. Pasioles interviewed plaintiff regarding his grievance on J. Link and as soon as plaintiff went to explain the June 24th 2019 incident pertaining to officer J. Links staff misconduct D. Pasioles abruptly cut him off and stated to plaintiff-Green-staff are tired of you filing complaint's withdraw this-
   Continued → 3 page's →

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   Arbitrary imposition of privilege group C- for 90 days where I lossed property, appliances was denied out door exercise forced to live in cell without hot water with toilet leaking foul smelling water for 51 day and subjected to cruel and unusual punishment.

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

1. 602-Staff complaint on J. Link or you'll be
2. receiving a 115 rules violation.
3. Plaintiff replied to D. Pasioles I have
4. a First Amendment right to file grievance-
5. if you write me a 115 rules violation for
6. filing grievance civil suit is imminent.
7. Plaintiff then left the 2nd level interview
8. with D. Pasioles.
9. Subsequently on July 26th 2019 in direct
10. retaliatory reprisal for his staff complaint
11. grievance-Log #-MCSP-A-1902397 plaintiff
12. received rules violation Log # 06881616 -
13. Specific Act: Falsification of Document
14. not affecting the term from D. Pasioles.
15. D. Pasioles proclaimed a confidential
16. informant told him plaintiff fabricated
17. the June 24th 2019 incident with officer
18. J. Link to have staff disciplined, and to
19. file a frivolous lawsuit. However-
20. the socalled confidential informant
21. was uncorroborated and not proven to be
22. reliable in that 1. he had not previously provided
23. confidential information which prove to be true.
24. 2. No other confidential source had independently
25. provided the same information.
26. 3. The source had not participated in, nor
27. successfully completed a polygraph examination.
28. 4. The information provided by the socalled -

[1]

1. confidential source was not incriminating to self.
2. 5. The so called confidential source was not
3. a victim.
4. The only thing that Pasioles used to
5. substantiate the confidential sources
6. reliability was his own self serving
7. confidential memorandum he contrived dated
8. July 26th 2019. Plaintiff immediately
9. filed the grievance Log # MCSP-A-1902397 onto
10. to 3rd level of appeal, dissatisfied that
11. D. Pasioles had implemented retaliatory
12. reprisal, for the appeal, exhausting-
13. his administrative remedies. see-Exhibit-1.
14. It should be noted that D. Pasioles has a
15. significant history of staff misconduct
16. against inmate's in Mule creek prison that
17. he's issued rules violation's to Freeze Protected Conduct.
18. Many inmate's, such as E. Joy CDCR # T80015,
19. Raul Gonzalez, CDCR # AK1370, Rodriguez, CDCR #
20. E-92551, to name a few, as direct retaliatory
21. reprisal for their protected conduct-
22. to file staff complaint grievance's.
23. In egregious calculated attempt and ploy-
24. to Freeze inmate's in Mule creek state
25. prisons protected conduct. see-Declaration's
26. under penalty of perjury of E. Joy,
27. MR. Rodriguez, R. Gonzalez. And in each
28. Implemented act of retaliatory reprisal-

/2/

1. D. Pasioles proclaimed a confidential
2. informant told him the inmate fabricated
3. the incident in the staff complaint,
4. just as he did with plaintiff in this
5. instant action, showing a pattern of his
6. abuse of authority, and retaliation for protected conduct.
7. In plaintiffs staff complaint-log# MCSP-
8. A-1902397 Pasioles questioned inmate's such as
9. Royal CDCr #A17436, Felder # F90670, and
10. Cambell #AV9179, that had no knowledge,
11. and was not present, June 24th 2019
12. to witness plaintiffs grievanced incident
13. with officer J. Link. Pasioles was seeking
14. informant's to provide false confidential
15. information against plaintiff to
16. undermine his protected conduct,
17. and he even offered inmate's appliances, such
18. as Boom Box-CD-players, as rewarding
19. amenities, if they'd provide false-
20. confidential statements to discredit
21. plaintiffs grievance. See-Declaration
22. under penalty of perjury.

[3]

## CLAIM II

1. State the constitutional or other federal civil right that was violated: **Fourteenth Amendment United States Constitution, Denial of Due Process.**

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☒ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   In the same transaction with D. Pasioles retaliatory reprisal, and in-collusion with D. Pasioles, on September 1st 2019, when plaintiff appeared at his disciplinary hearing on disciplinary charge falsification of document not affecting term, rules violation-log #0622166 before the senior hearing officer J. Quiring, plaintiff clarified with J. Quiring that the charge was based on confidential information that plaintiff allegedly fabricated 602-grievance-log #MCSP-A-1902397 to have staff member J. Link disciplined and to file a frivolous lawsuit. J. Quiring-S.H.O. confirmed this was indeed the essence of the charge. At this time plaintiff told senior hearing Lieutenant J. Quiring see this documentary evidence-exhibit-one, which was a previous 602 grievance-log #MCSP-A-1903956 against J. Link where it was determined J. Link did-violate policy, and had already been disciplined. See-this documentary evidence exhibit-2, where-U.S. Magistrate-Judge Kendall J. Newman - U.S.D.C. E.D. Cal. in Green V. Link, case no. 2:19-CV-1324-Jam KJn-P-

   Continued - 2 page's

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   Unjust punishment, loss of property, loss of outdoor exercise and no outdoor exercise, deprived of basic human need and basic necessities of modern life culminating in cruel and unusual punishment, 51 days no hot water, toilet leaking foul smelly water 51 days, Body aches, cramps, impaired vision.

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

1. on August 27th order, said it appeared that
2. plaintiff could state cognizable First Amendment
3. retaliation claim against J. Link.
4. So he need not fabricate the June 24th 2019
5. incident on J. Link to accomplish having
6. J. Link disciplined, and filing a lawsuit,
7. as alledged by the socalled informant,
8. as these feat's, had already been accomplished.

10. J. Quiring turned beet red, and screamed-
11. I don't want to see any of your documentary
12. evidence on J. Link. I'm finding you guilty
13. as charged, and placing you on privilege-
14. group-C- punitively.

16. J. Quiring egregiously denied plaintiff
17. due process in the disciplinary hearing,
18. by his refusal to look-at, or consider-
19. plaintiffs relevant documentary evidence
20. to refute the false charge's against him
21. in his defense. See-Exhibit-Z-Exhaustion
22. of administrative remedies.
23. Plaintiff told J. Quiring he did not
24. fit the criteria for privilege group-
25. C-pursuant to the-Calif. Code of regulations
26. title-15-3044(F1), which-mandates that
27. the criteria for privilige group-C-punishment
28. is that the inmate must refuse assigned-

/1/

housing twice, refuse to perform a job assignment, or incur two serious rules violations in a six month period, which plaintiff had not. like a true coward in abuse of his authority, senior hearing lieutenant J. Quiring smirked and barked were done. Subsequently J. Quiring arbitrarily and capriciously imposed-privilege group-C- punishment on plaintiff maliciously and unjustly when he did not lawfully fit the criteria, for privilege group -C- punishment. Conspiring in collusion with D. Pasioles to retaliate on plaintiff for his protected conduct. See - Exhibit - 3,

Exhaustion of administrative remedies.

## CLAIM III

1. State the constitutional or other federal civil right that was violated: Eight Amendment U.S. Constitution, no outdoor exercise, and denial of basic necessities of modern life.

2. **Claim III.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☒ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   In the same transaction of D. Pasioles retaliatory reprisal, and as a result of J. Ouiring's denial of due process, and his arbitrary imposition of privilege group-c- punishment on plaintiff, plaintiff was moved to a-c-status cell in Mule Creek State prison facility-A-4-105, and deprived of basic nessities of modern life for 51 day's. The sinks hot water did not work, and the toilet leaked foul smelling water. see-exhibit-4- Exhaustion of Administrative remedies. plaintiff was denied hot water-51 days, with the toilet leaking foul smelling water-51 days in his cell. In addition, plaintiff was denied-outdoor exercise for 90 days, where he began to suffer body aches, headaches, and impaird vision, because-Mule creek prison facility-A-Captain E. Hobbs, and-Warden P. Covello-endorsed and promulgated an unconstitutional no-outdoor exercised policy for privilege-group-c- inmates confined - in Mule creek-state prison. So from September 19th 2019 – Continued 1 page

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Body cramps, headaches, impaired vision.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

through December 1st 2019 plaintiff was unconstitutionally denied outdoor exercise because Warden P. Covello, and Captain E. Hobbs as supervisors, endorsed, and promulgated an-underground policy regulation, of no outdoor exercise- for privilege group-C-inmates, such as plaintiff, in Mule Creek State prison, Facility-A, at Mule Creek State prison.

P. Covello, and E. Hobbs maliciously ordered their subordinates to remove all the recreation equipment from the Facility-A-gymnasium, and herded and-secluded privilege group-C-inmate's in the locked confines of the barren gym, as a supplement for outdoor exercise.

So plaintiff was denied outdoor exercise 90 day's, subjected to cruel, and unusual punishment unconstitutionally. Plaintiff suffered body aches, cramps, headaches, and impaired vision, from the deprivation of outdoor exercise. Plaintiff is-an Elder, a Senior, requiring the basic necessitie's of fresh air, and Sun to sustenance life, see-Exhibit-5,- Exhaustion of administrative remedies.

[1]

# E. REQUEST FOR RELIEF

State the relief you are seeking:

1. Declaratory Judgement that Defendant's et. al. have violated plaintiffs guaranteed civil rights pursuant the First, Eight, and Fourteenth Amendments of the United States constitution egregiously.
2. Fifty thousand Dollars compensatory Damages from each Defendant.
3. Fifty thousand Dollars punitive Damages from each Defendant.
4. Trial by Jury on all issue's triable by Jury.
5. Plaintiffs cost of the suit including the Filing Fee.
6. That Defendants not transfer plaintiff from Mule Creek prison in further act of retaliation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __March 6th 2020__   _____
              DATE                          SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

Mr. Vencil Green
C# 61557
Mule creek state prison
P.O. Box-409020
Ione, Ca. 95640
In Pro Per

United States District Court
Eastern District of California

Vencil Green
  Plaintiff,
    Vs
D. Pasioles, et al.,
  Defendants.

Case no.

Memorandum of points and Authorities of Law In Support of

I. Defendants acting under color of authority of state law, violated Plaintiffs Guaranteed First Amendment right under the united states constitution by taking arbitrary adverse malicious action against him for his protected conduct to file grievance.

see 1. Crawford EL V. Britton, 523 U.S. 574, 588-N. 10, 118 S. Ct. 1584 (1998) stating that the reason why retaliation offends the constitution is that it threatens to inhibit exercise of the protected right.
2. Gomez V. Vernon, 255 F. 3d. 1118, 1112, 1129, 36 (9th cir. 2001),
3. Pratt V. Rowland, 770 F. Supp. 1399, 1406 (N.D. cal. 1991),
4. Dannenberg V. Valadez, 338. 3d. 1070, 1072 (9th cir. 2003),
5. Hines V. Gomez, 108 F.3d. 265, (9th cir. 1997) affirming jury verdict for plaintiff subjected to retaliation-

[1]

For filing grievance. 6. Rhodes v. Robinson, 408 F.3d. 559, 567-68 (9th Cir. 2005).
7. Johnson v. Stovall, 233, F.3d. 486, 489 (7th Cir. 2000) to state a cause of action for retaliation a complaint need only alledge a chronology of events from which retaliation may be inferred.

II. Due process with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate an opportunity to present relevant documentary evidence in his defense- see-Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963 (1974). (The touchstone of due process is the protection of the individual against arbitrary action of government).

III. Supervisor liability
a supervisor such as a warden can be held liable, if there exist his, or her personal involvement in the constitutional violation, such-as-endorsing, and hence promulgating an-unconstitutional policy. see-Hansen v. Black, 885, F.2d. 642 (9th cir. 1989).

IIII. Basic necessities of modern life
Functioning sinks, toilets are basic necessities of modern life, particularly within the confines



of a wholly self contained environment such as Jail. Plumbing which is so inadequate, and in such a state of disrepair as to constitute a serious threat to the physical, and mental wellbeing of a prisoner, therefore has been condemned as violative of the Eight-Amendment. see- Dawson V. Kendrick, 527 F. Supp. At 1287-88. See-Also Hoptowit V. Spellman, 753 F. 2d. At 783 (Eight Amendment-Violated by prison plumbing in such disrepair as to deprive inmates of basic elements of hygiene, and to threaten their physical, and mental wellbeing.

5. Deprivation of basic human need of outdoor exercise violates 8th Amendment. The Ninth Circuit is one of many courts that have held that there is a constitutional right to outdoor exercise for inmates. see- 1. Allen V. Sakai, 48 F. 3d. 1082 (9th Cir. 1995). 2. Spain V. Procunier, 600 F. 2d. 189, 199-200 (9th Cir. 1979) unconstitutional pursuant Eight Amendment to deny outdoor exercise to inmates in disciplinary segregation as normal condition of their segregation, and confinement rather than for safety during emergencies. 3. Lopez V. Smith, 203 F. 3d. 1122, 1133 N.15 (9th Cir. 2000), no adverse medical effects required where-



1. prisoner alledged denial of of outdoor exercise for more than six week's.
2. 4. Patterson v. Mintzes, F.2d 284, 289 (1983) 46 day's denial of outdoor exercise stated Eight Amendment claim.
3. 5. Adam v. Wolff, 624 F.Supp. 1036, 1038-39 (D. Nev. 1985) damages awarded for six week's denial of outdoor recreation.
4. 6. Antonelli v. Sheahan 81 F.3d 1422, 1432 (7th cir. 1996) allegations of no outdoor recreation for seven week's stated constitutional claim.
5. *7. Keenan v. Hall, 83 F.3d 1083, 1090, (9th cir. 1996), exercise comprising a room with a roof, and one wall of perforated steel admitting sunlight only through the top third did not meet constitutional requirement of outdoor recreation.

Hence

Plaintiff has stated a tripartite claim - under the First, Eight, and Fourteenth Amendment's of the United States constitution. Wherefore relief sought in this civil action should be granted on binding legal precedent's of Law, asseverated with merit.

Respectfully Submitted.

Dated: March 6th 2020   (S) Vencil Green

Vencil Green
In Pro per



[4]